IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| BOYCE DEE PHILLIPS | § | |
| VS. | § | CIVIL ACTION NO. 5:08-CV-180 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Boyce Dee Phillips, a prisoner currently confined at the James V. Allred Unit in Iowa Park, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends this action be dismissed as the claims are either unexhausted and procedurally barred or are lacking in merit.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Both parties filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

Although respondent ultimately agrees with the recommendation to dismiss petitioner's claims, he objects to the report in that it declines to find petitioner's Exhibit 5 as unexhausted and procedurally barred. Exhibit 5 is an unsworn statement by petitioner's sister that was not presented to the state courts for consideration. However, as addressed by the report and recommendation, the consideration of this new evidence is not precluded. Petitioner is not asserting "new facts" via this statement and "all crucial factual allegations were before the state courts at the time they ruled on the merits" of petitioner's state habeas application. *See Dowthitt*

*v. Johnson*, 230 F.3d 733, 746 (5th Cir. 2000). Furthermore, dismissal is not required when evidence presented for the first time in a habeas proceeding supplements, but does not fundamentally alter, the claim presented to the state court. *Anderson v. Johnson*, 338 F.3d 382, 386-87 (5th Cir. 2003). This additional written statement merely confirms what petitioner specifically asserted in the state habeas proceeding and does not fundamentally alter his claim. Finally, with or without this statement, petitioner's claim of ineffective assistance of counsel for failure to call his sister as a witness is still wholly conclusory. This statement fails to provide any indication as to the substance of his sister's testimony, let alone any indication the testimony would have been favorable to his defense and its exclusion somehow prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002); *Ross v. Estelle*, 694 F.2d 1008, 1011-12 n.2 (5th Cir. 1983).

In addition, petitioner objects to the magistrate judge's findings with respect to his claim that the trial court abused its discretion when it admitted evidence of unadjudicated extraneous conduct during the guilt-innocense phase of the trial. Petitioner's efforts to demonstrate that the trial court's evidentiary rulings were incorrect is unavailing to show that his trial was rendered fundamentally unfair, particularly in light of the state appellate court's holding that the evidence was properly admitted pursuant to 404(b) to establish intent and to rebut the defensive theories put forth by petitioner. As such, petitioner has failed to show that the admission of the evidence was either an error or one of such magnitude to deny him fundamental fairness under the due process clause. Furthermore, he has failed to show that the state court's denial of this claim is contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. *See Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983); *Williams v. Taylor*, 529 U.S. 362, 412-413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

After careful consideration, the court finds that the objections by both respondent and petitioner are without merit.

Furthermore, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

ORDER

Accordingly, the objections of petitioner and respondent are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations. A certificate of appealability will not be issued.

**SIGNED this 1st day of September, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE